UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Khalil SHAHIN,<br><br>                                    Plaintiff,<br><br>v.<br><br>NOEM, et al.,<br><br>                                    Defendants. | Case No.:  25-cv-2496-AGS-KSC<br><br>**ORDER REQUIRING RESPONSE** |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, the Court need not assess his likelihood of success, but he has set out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Petitioner "entered the United States" and "was taken into [immigration] custody" on November 20, 2024. (ECF 1, at 2.) Over the following ten months, petitioner claims that his detention "has now become unreasonably prolonged in violation of the Due Process Clause" and that he has been "denied any bond hearing before a neutral adjudicator." (*Id.* at 2, 6.) At this stage, petitioner has shown a potential entitlement to relief. *See Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) ("[I]t is well-settled that due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint." (cleaned up)); *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) ("Due process protects against immigration

1

detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." (citing *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001))).

By **October 14, 2025**, respondent must respond to the petition. Petitioner may, but is not required to, file a reply in support of the habeas petition by **October 28, 2025**.

Dated:  September 23, 2025

_____
Hon. Andrew G. Schopler
United States District Judge